Robert B. Dresser, et al.⎫
       vs.     ⎬Eq. No. 1o241.
Fergus J. McOsker, et al.⎭

July 14, 1930.

BAKER, J. Heard on respondents' demurrer to the second amended bill of complaint and on their motion to strike out a portion of the nineteenth paragraph of said bill.

The ·Court is of the opinion that the respondents are entitled to have the words as set out in their motion struck out of said paragraph in the bill. They appear to be in the nature of surplusage and immaterial to the issue raised.

The motion to strike out is granted.

Ten grounds of demurrer are alleged.

The first four appear to ·be related. The respondents ·contend in substance that the restrictions referred to in the bill are grantors' restrictions but not plat restrictions and that many unnecessary parties complainant are joined.

After a careful examination of the bill the Court believes that these grounds of demurrer should not be sustained. The bill is obviously drawn on the theory that there was a general building scheme covering the property involved in this case which would give these complainants equitable rights against the respondents.

In the opinion of the Court enough is alleged in the bill to raise the question, at the time of the hearing of the case on its merits, as to whether any such general scheme should ·be inferred from the evidence presented. Even though the complainants' property does not adjoin that of the respondents and though the respondents acquired their property subsequent to that of the complainants, and although there is no direct reference in respondents' deed to land of the complainants. or vice versa, nevertheless the facts as presented may show such a general scheme as to bind all parties.

Vol. 4, Pomeroy's Equity Jurisprudence, Secs. 1696 and 1697.

*Greene* vs. *Creighton,* 7 R. I. at page 9.

Further, it should be noted that respondents' immediate grantor is one of the parties ·complainant.

The fifth ground of demurrer relates to the eighteenth paragraph of the bill. An examination of this paragraph does not reveal any allegation that is a conclusion of law and this ground of demurrer is not good.

The sixth, seventh and ninth grounds of demurrer deal chiefly with the matter of the allegation of damage. It does not seem to the ·Court that the allegations of the nineteenth paragraph are vague, indefinite or uncertain. It seems clearly settled that in a bill of this type the complainants are not required to allege any pecuniary ·damage.

*Ball* vs. *Milliken,* 31 R. I. at page 47.

Such allegations of damage as there may ·be in the bill are surplusage and the bill is not demurrable on that ground.

The eighth ground of demurrer, in the judgment of the Court, can not be maintained. The fact that the respondents' lot may have come originally from two sources does not seriously alter the complainants' rights if they are able, upon proof, to show that said land was subject to the same general plan or scheme, if any.

The tenth ground of demurrer, which in substance is that the bill sets out no privity of contract between the complainants and the respondents, can not be maintained.

The Court is of the opinion that the complainants are not required to allege any specific agreement or covenant between the parties, the bill being

framed on the theory of a general scheme and development covering all the properties involved.

The demurrer is therefore overruled.

For complainants: Edwards & Angell.

For respondents: Fergus J. McOsker.